**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAYMOND J. CZIAK,** | Civ. No. 15-6628 (KM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | |
| **Defendant.** | |

On September 3, 2015, Raymond J. Cziak filed a complaint seeking review pursuant to 42 U.S.C. § 405(g) and 5 U.S.C. § 706 of the Social Security Agency's denial of his application for disability insurance benefits for the period August 2, 2011 (the alleged onset date) through February 21, 2014 (the date of the ALJ's decision). The Appeals Council denied the plaintiff's request for review, rendering it a final decision of the Commissioner. (R. 1–5)[1] For the reasons stated herein, the ALJ's decision is affirmed.

I.     **LEGAL STANDARDS**

A.   **Standard of Review**

As to legal issues, this Court's review is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). As to the factual findings of the Administrative Law Judge ("ALJ"), however, this Court is directed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence is "less than a preponderance of the

---

[1]     Pages in the administrative record, filed at ECF no. 7, are cited as "R. _".

1

evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *accord Richardson v. Perales*, 402 U.S. 389, 401 (1971).

> [I]n evaluating whether substantial evidence supports the ALJ's findings . . . leniency should be shown in establishing the claimant's disability, and . . . the Secretary's responsibility to rebut it should be strictly construed. Due regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails.

*Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (internal citations and quotations omitted). When there is substantial evidence to support the ALJ's factual findings, this Court must abide by them. *See Jones*, 364 F.3d at 503 (citing 42 U.S.C. § 405(g)).

### B. The Five-Step Sequential Analysis

Under the authority of the Social Security Act, the Social Security Administration ("SSA") has established a five-step evaluation process for determining whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920; *see also Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

> *Step 1*: Determine whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, move to step two.
>
> *Step 2*: Determine if the claimant's alleged impairment, or combination of impairments, is "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment, move to step three.
>
> *Step 3*: Determine whether the impairment meets or equals the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the

claimant is automatically eligible to receive benefits; if not, move to step four. *Id.* §§ 404.1520(d), 416.920(d).

*Step 4*: Determine whether, despite any severe impairment, the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). If not, move to step five. Up to this point (steps 1 through 4) the claimant has borne the burden of proof.

*Step 5*: The burden shifts to the SSA to demonstrate that the claimant, considering his or her age, education, work experience, and RFC, is capable of performing other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91–92 (3d Cir. 2007). If so, DIB will be denied; if not, they will be awarded.

## II. THE COMMISSIONER'S DECISION

Mr. Cziak, assisted by Graham Mouday of Legal Services of New Jersey, had a hearing before ALJ Elias Feuer on October 8, 2013. The ALJ reviewed the record and heard testimony from Mr. Cziak and from Raymond Cestar, a vocational expert. (R. 26–60)

On February 21, 2014, ALJ Feuer filed a written decision finding that Mr. Cziak was not disabled within the meaning of the Act. (R. 16)

At step 1, ALJ Feuer found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 18 ¶ 2)

At step 2, the ALJ found that Mr. Cziak had the following severe impairment: lumbar stenosis. (R. 18 ¶ 3) The ALJ found that the claimed mental impairment of depression was not severe, accepting the opinion of the state agency physicians. In doing so, the ALJ properly cited and applied the criteria for evaluating mental disorders in section 12.00C of the Listing of Impairments (20 C.F.R., Part 404, Subpart P, Appendix 1). He found, based on the evidence, that the claimant's depression caused no more than mild

3

limitation in activities of daily living; social functioning; and concentration, persistence, or pace. There were no episodes of decompensation of extended duration. This finding, however, did not preclude consideration of depression/anxiety in combination with other impairments at later steps.

At step 3, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listened impairments in 20 CFR Part 404, Subpart P, Appendix 1. In particular, the medical evidence did not establish nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required under listing 1.04. The ALJ found no evidence that the claimant's back disorder had resulted in an inability to ambulate effectively, as defined in listing 1.00B(2)(b). (R. 19–20 ¶ 4)

The residual functional capacity (RFC) represents the most the plaintiff can do, given his limitations. *See* 20 C.F.R. § 404.1545(a). ALJ Feuer found that Mr. Cziak retained the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.597(b) except that he cannot climb ladders, ropes or scaffolds and he can only occasionally climb ramps and stairs and perform only occasional kneeling, stooping, crouching, and/or crawling.

(R. 20 ¶ 5) In so finding, the ALJ considered evidence of both the lumbar stenosis impairment and the claimed impairment of depression/anxiety.

At step four, the ALJ found that Mr. Cziak was capable of performing his past relevant work as a floral designer (*see* DOT # 142.081-010), which did not required the performance of activities precluded by his RFC. (R. 20 ¶ 6, R. 32)

As a result, the ALJ found that the claimant had not been under a disability in the relevant period. (R. 20–21)

### III. DISCUSSION

On appeal, the claimant points to no error of law; he challenges the ALJ's decision under the substantial evidence standard of review. Essentially, the claimant argues that the ALJ did not properly weigh the medical evidence when he determined Mr. Cziak's residual capacity and concluded that he was

4

capable of certain light work, particularly his prior employment as a floral designer. The ALJ, however, properly considered and weighed the evidence; merely reciting evidence favorable to the application is insufficient to require reversal where, as here, the ALJ's decision is supported by substantial evidence.

The claimant's main brief on appeal contains two points of argument: one directed to the determination of Mr. Cziak's residual functional capacity, and the other to the weighing of medical evidence. Because they substantially overlap (and indeed are combined in the claimant's reply brief), I discuss them together.

The RFC was based on the ALJ's analysis of the evidence of Mr. Cziak's impairments. The ALJ properly considered first, whether a medical impairment exists that could reasonably be expected to produce the symptoms complained of, and second, whether the evidence supported the plaintiff's claims as to the extent to which those symptoms limit his functioning. The evidence considered included the medical evidence, as well as the plaintiff's own testimony.

The ALJ accepted the diagnosis of lumbar stenosis, and found that it limited the claimant to a range of light work. The real disagreement is over the extent, not the existence, of this impairment, which Mr. Cziak says is totally disabling. The ALJ also analyzed the claim of depression.

A claimant's subjective complaints merit careful consideration, but the ALJ is not required to accept them uncritically. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011) (citing 20 C.F.R. § 416.929). Rather, the ALJ is required to assess whether and to what degree such complaints are credible. *See* SSR 96-7p, 1996 WL 374186, at *4.

> [W]hile an ALJ must consider a claimant's subjective complaints, an ALJ has discretion to evaluate the credibility of a claimant and arrive at an independent judgment in light of medical findings and other evidence regarding the true extent of the pain alleged by the claimant. Subjective complaints cannot alone establish disability.

*Gantt v. Comm'r Soc. Sec.*, 205 F. App'x 65, 67 (3d Cir. 2006) (internal quotations and citations omitted). *See also* 20 C.F.R. § 404.1529(c); *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. App'x 761, 765 (3d Cir. 2009) (citing *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983)); *Davis v. Com'r of Soc. Sec.*, 240 F. App'x 957, 960 (3d Cir. 2007).

The ALJ may reject subjective complaints, for example, if they are not credible in light of the other evidence of record. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999). The ALJ is called upon to evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit his ability to perform basic work activities. *See* 20 C.F.R. § 404.1529(c)(2). As to that issue, "[o]bjective medical evidence ... is a useful indicator." *Id.* The ALJ may also examine factors that precipitate or aggravate the symptoms, medications and treatments, and daily living activities. 20 C.F.R. § 1529(c)(3).

The ALJ's credibility determination "must contain specific reasons for the finding on credibility, supported by the evidence in the case record." SSR 96-7P; *see also* 20 C.F.R. §§ 404.1529(b), 416.929(b). What is required overall is that the ALJ give the claimant's testimony "serious consideration," state his reasons for discounting it, and make "specific findings." *Rowan v. Barnhart*, 67 F. App'x 725, 729 (3d Cir. 2003). Where that has been done, a reviewing court will defer to the ALJ's credibility determinations. The analysis here met that standard.

The ALJ noted and considered the testimony of Mr. Cziak that he has back and leg pain, which causes him difficulty in caring for himself. Corroborated by his neighbor, Cziak testified that he spends much of his time in bed, that he is depressed and anti-social, and that he has concentration problems. (R. 20)

The ALJ acknowledged that medical conditions of lumbar stenosis and depression could reasonably be expected to cause symptoms of this kind. Based on the evidence, however, he discounted the claimed intensity,

persistence and limiting effects of those symptoms. (R. 20) That determination took into account the relevant evidence, and was based on substantial evidence.

The ALJ, as he was entitled to do, gave weight to an independent analysis at the request of the Agency by Dr. Sivadas in February 2012. This showed no acute distress, and normal gait and station. Cervical and lumbar ranges of motion were normal. Imaging showed only mild levoscoliosis of the lumbar spine with narrowing at two points. The agency physicians concluded that the claimant was capable of performing light work. (R. 20–21)

Counsel faults the ALJ for failing to give enough weight to the opinions of certain physicians and other medical evidence. She summarizes it thus:

Dr. Sutter examined Mr. Cziak on November 9, 2011, and diagnosed him with depression and anxiety. He also found limitations in the areas of climbing, stooping, bending and lifting due to back pain. (R. 289) Dr. Estok, too, diagnosed him with depression and anxiety and stated he would be unable to work. Dr. Zeliksen diagnosed Mr. Cziak with hypertension and thoracic or lumbosacral neuritis or radiculitis. She noted his worsening lower back or leg pain.

MRI results from October 2, 2013, showed bulging annulus with indentation of the thecal sac, facet joint hypertrophy with foraminal encroachment from L2-L5, mild degenerative central spinal stenosis at L2-L3 and moderate degenerative central spinal stenosis at L3-L4, at L4-L5 bulging annulus, small central herniated disc, indentation of the thecal sac, facet and ligamentum flavum hypertrophy, bilateral foramina) encroachment and left foraminal stenosis. (R. 339-340)

A physical therapy evaluation dated June 11, 2013 found Mr. Cziak 100% impaired with bending and moving from the sitting to standing position. (R. 349)

Dr. Sandoval, a treating psychiatrist, completed a report, dated August 23, 2012, containing diagnoses of paranoid schizophrenia, OCD, major depression and panic attacks. (R. 328)[2]

It is not enough, however, to point to evidence that could have supported a conclusion contrary to that of the ALJ. I find that the ALJ's conclusions were supported by substantial evidence.

The ALJ properly discussed the evidence now cited by the claimant and gave reasons for assigning it less weight. Discussing, for example, the examination of Dr. Zeliksen, the ALJ noted no debilitating symptoms—*i.e.,* no muscle weakness or joint stiffness or swelling except in the lumbar spine. Dr. Zeliksen placed Mr. Cziak on medication. In a March 2013 followup visit, the claimant was maintained only on ibuprofen 600. Physical therapy was prescribed; Mr. Cziak showed up for only two sessions and the therapy was terminated. In September 2013 Dr. Zeliksen found that Mr. Cziak did not require a cane, but that range of motion in the lumbar spine was limited. Zeliksen Advised Cziak to do daily light walking exercises and to avoid bending and heavy lifting. This discussion evidences a proper consideration and weighing of the opinion of Dr. Zeliksen. (R. 21)

The October 2013 MRI, the ALJ noted, was performed at the claimant's request. It showed only a bulging annulus and mild degenerative lumbar stenosis. In some disability forms filled out in that time period, no back pain was reported. (R. 21)

The ALJ also properly considered, but discounted, the opinions of Drs. Sutter and Sandoval that depression precluded the claimant from working. Neither assessment, the ALJ found, included any specific history or treatment of this condition, which has existed for more than a decade, a period that has encompassed periods of work. Neither opinion is tied to any medical explanation or testing. If depression were truly severe, one would expect a

---

[2]  Depression/anxiety is the only mental impairment at issue. At the hearing, Mr. Cziak said he sometimes would "hear noises," but that it has been going on for twenty years and is not "unusual." (R. 50) There is no history of hospitalization or indication that mental impairments have limited employment in the past.

8

history of treatment, but no significant treatment records accompanied these one-line conclusions. (R. 21)[3] The ALJ notes that a treating physician, Dr. Estock, found depression, but concentration and memory intact. No specific limitations, tied to a diagnosis, appear.[4] These opinions, moreover, were contradicted by those of Drs. Mishkin, Lintott, and Campion, which the ALJ was entitled to credit. (R. 263, 66, 88)

More generally, the ALJ found, the treatment notes nowhere contain any actual findings of a disabling impairment or pain. The medication specifically noted is a mild one, ibuprofen. Mr. Cziak has been noncompliant with prescribed physical therapy. Injections and surgery have never even been discussed. In short, for the ALJ the actual diagnoses and mild, conservative treatment regimen overrode the physicians' conclusory statements that the claimant could not work. *See generally Brown v. Astrue,* 649 F.3d 193, 197 n.2 (3d Cir. 2011) (treating physician's statement of functional capacity not binding); *Salles v. Comm'r of Soc. Sec.,* 229 F. App'x 140, 148 (3d Cir. 2007) (treating physician opinion may be given less weight provided the ALJ explains reasons for doing so, based on the evidence of record).

The ALJ also, as he was entitled to do, made credibility determinations as to the accounts given by the claimant himself and his neighbor. Mr. Cziak did not leave his prior employment as the result of a disability; he was laid off. (R. 32) He reported that he was looking for work until late spring 2013, contradicting his statement that he was totally unable to work. His noncompliance with physical therapy, and sometime failure to report pain, too, tended to indicate a sporadic or controlled problem. The claimant's ability to perform normal activities of daily living, considered at step 2, pointed in the

---

[3]     At the hearing, Mr. Cziak reported being on Prozac and alprazolam, which apparently had been prescribed recently. (R. 33–34) He also reported that therapy sessions had recently been very helpful. (R. 35–36)

[4]     At the end of Dr. Estok's report is a catchall written statement that depression would "prevent individual from perform work." Mirtazapine (remeron) 15 mg, a sleep aid, is prescribed. (R. 253–61) For some reason, this psychiatrist found limitations on heavy lifting, bending, and lifting. (R. 260)

same direction. (R. 21) The statements of Mr. Cziak's neighbor, wrote the ALJ, were inconsistent with medical evidence. The neighbor, moreover, had neither the training nor the opportunity to make exacting observations as to the frequency or intensity of medical symptoms, and her status as a friend, further called into question her objectivity. (R. 21–22)

In short, the ALJ properly weighed the evidence and permissible arrived at a conclusion that the claimant's impairments, though real, did not preclude light work. From that permissible finding flowed the permissible conclusion that the claimant was able to perform past relevant work as a flower arranger.

## CONCLUSION

For the foregoing reasons, the decision of the Secretary is AFFIRMED.
Dated: November 18, 2016

_____
**KEVIN MCNULTY**
**United States District Judge**